UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LARRY CASTLE,

        Plaintiff,        Case No. 1:08-cv-853

v.        Honorable Robert Holmes Bell

UNKNOWN BELEN et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a former state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.1990). A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006); *Benzon v. Morgan Stanley Distrib., Inc.,* 420 F.3d 598, 605 (6th Cir. 2005). In applying these standards, the court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they

are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's action be dismissed as frivolous.

## Discussion

In his *pro se* complaint, Plaintiff sues Captain Belen of the Gus Harrison Correctional Facility, Calhoun County Circuit County Judge Conrad Sindt and the Michigan Court of Appeals. Plaintiff's factual allegations consist of the following (verbatim):

> I was at Parnall Correctional Facility Level I got paroled (1995) they moved me to Level 2 Gus Harrison Correctional Facility I was walking down the sidewalk Gus Harrison my ARUM from Level I big 400 pound white male told me I have your parole give it to me no I have to take it to the correctional facility.

(Compl., at 2, docket #1.) For relief, Plaintiff requests the following (verbatim):

> Michigan Court of Appeals did wrongfully mislead on bias pretense to uphold this conviction probable cause was Steven Franklin . . . did dismiss assaults if I ner hit her how is it an assault with intent if I never penetrated with probable cause and Judge Conrad Sindt did show prejudice due to the fact that the jury . . . and said they went back to the scene in 1994 and showed cause for conviction but Larry Castle was never found on the scene in 1993 then Mark Benke stated Larry Castle must be found guilty no matter what.

(Compl., at 4.)

The Court is unable to discern any arguable legal claim arising from the factual allegations contained in Plaintiff's statement of facts. While the majority of Plaintiff's writing is legible, the words do not form coherent sentences or convey clear thoughts. Accepting all intelligible factual allegations as true, the Court concludes that no conceivable claim has been stated against any defendant. *See Neitzke*, 490 U.S. at 395; *see also Parker v. Parker Int'l/Parker Tobacco Co.*, No. 89-6078, 1990 WL 63523, at *1 (6th Cir. May 11, 1990). Even giving the most liberal construction to Plaintiff's complaint, *see Haines*, 404 U.S. at 520, the Court is unable to find that a cause of action has been alleged against any of the named Defendants.

In his request for relief, Plaintiff appears to be challenging a criminal conviction. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

## **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2). I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:  September 23, 2008              /s/  Joseph G. Scoville
                                        United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).